## HENRY W. SEALE *v.* SILAS B. EMERSON.

THE VERDICT MUST BE ON ISSUES JOINED.—Plaintiff declared on a special contract to pasture one hundred and forty-seven head of cattle, at one dollar per head per month, for a given time, amounting to three hundred and forty-three dollars. Defendant, in his answer, admitted the contract so far as the number of cattle pastured and rate per head per month were concerned, but alleged that they were to be pastured in a particular field, and that plaintiff did not pasture them in that field, but in another, where the pasturage was poor, and that by this breach of the contract he sustained five hundred dollars damage, which he claimed to recoup. The evidence was confined to the breach of the contract as alleged. The jury found for the plaintiff one dollar damages; *Held*, that the verdict was not supported by the evidence, and that if plaintiff obtained a verdict, he was entitled to the full amount claimed in his complaint.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*S. O. Houghton*, for Appellant.

*Thomas Bodley*, for Respondent.

By the Court, SAWYER, J.

This is an action to recover money alleged to be due for the pasturage of cattle. The complaint alleges the pasturage of one hundred and forty-seven head of cattle for a specified time; that defendant promised to pay for said pasturage at the rate of one dollar per head per month; and that at that rate, for the number of cattle and time alleged, the sum due amounts to three hundred and forty-three dollars, for which sum judgment is claimed. There is no count to recover as much as the pasturage is worth, and no value is alleged. The plaintiff counts only upon a special agreement as to price.

The answer denies the request, or agreement to pasture generally; and alleges an agreement to pasture in a particular field, containing good pasturage, for which defendant was to pay one dollar per month per head, and then alleges that plaintiff did not pasture the cattle in the particular field agreed upon, but in another field where the feed was poor.

After setting up this special agreement and breach as a defense, by way of denial of the contract alleged in the complaint, the defendant alleges affirmatively the same special agreement to pasture in a particular field, and the breach by pasturing in another field in which the feed was poor, and alleges that his cattle, in consequence of the poor feed, did not thrive, but lost flesh, and that by reason thereof he had sustained five hundred dollars damages; which amount he prays to have allowed as a counter claim.

On the trial the jury found a verdict in favor of the plaintiff, and assessed the damages at one dollar. The plaintiff moved for a new trial, on the ground that the verdict is contrary to the evidence, and is contrary to law. The Court denied the motion, and plaintiff appeals from the order denying the motion for new trial, and from the judgment.

Although the Court appears to have given instructions to

the jury, they are not in the record, and we must presume that the case was fairly submitted as to the law.

. There was no issue in the pleadings as to the value of the pasturage, and the testimony upon that point, under a proper charge from the Court, must have been disregarded as irrelevant. The question was whether the agreement was to pasture generally, as alleged by the plaintiff; or to pasture in a particular field, as alleged by defendant. There was no dispute between the parties as to the fact, or place, or time of pasturage, the number of cattle pastured, or the rate per head per month agreed on, and no conflict of testimony on those points. The only evidence as to *where* the cattle were *to be* pastured under the agreement, came from the parties themselves, either given by them respectively in person on the stand, or in the form of declarations of the defendant, testified to by other witnesses. The defendant testified that the agreement was to pasture in the field, called "The Uncle Jim Field," and not in the "Willow Pond Field," or "Mill Pond Field," where they were pastured, and where the feed was not as good as in the "Uncle Jim Field." The plaintiff denies this in his testimony, and says that he refused to pasture the cattle in the "Uncle Jim Field," stating as a reason, that he intended to cut hay on that field in case the grass should prove to be sufficient for that purpose. This was the vital and only real issue in the case. Had this issue been found for defendant, the verdict must necessarily have been for him, because on his theory it was for pasturing in the "Uncle Jim Field," that the defendant agreed to pay the specific price alleged, and plaintiff must recover at this specific rate or not at all, for he did not count on a *quantum valebat*, and he must recover according to his allegations, or fail. The jury, therefore, must have found this issue in favor of the plaintiff, otherwise the verdict would necessarily have been for defendant. Having found this issue in favor of the plaintiff—that is to say, that there was no agreement to pasture the cattle in the "Uncle Jim Field," as claimed by defendant, the only measure of damages was the price agreed upon, about which there is no conflict in either the pleadings or

evidence, and the price is one dollar per head per month. They did not find in accordance with the price agreed upon, and the verdict as to the amount of damages is not supported by any evidence at all.

Had there been a *quantum valebat* count, this result would not necessarily have followed, for in that case, had the jury been satisfied that the agreement was to pasture in the "Uncle Jim Field;" yet if plaintiff pastured the cattle on other grounds, with the knowledge and acquiescence of the defendant, a promise to pay what the pasturage was reasonably worth would be implied, and the plaintiff would have been entitled to recover on that count; and it could not be known but that the issue as to where the cattle were to be pastured had been found in favor of the defendant, and that the small amount of damages resulted from an allowance on the counter claim for breach of the contract to pasture in the "Uncle Jim Field." But the issues in the case do not admit of any such solution.

The judgment must therefore be reversed and a new trial granted, and it is so ordered.